# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:08CV296-W

| | |
|---|---|
| JAMES LOMICK, ESTHER BARNETT, ROBERT O. WINGO, ERNEST SIMONS, III, TRACY HUTCHENS, and KELLY LOWERY,<br><br>        Plaintiffs,<br><br>vs.<br><br>LNS TURBO, INC., and DANIEL MACCRINDLE, individually and as Chief Operating Officer of LNS TURBO, INC.,<br>        Defendants. | **MEMORANDUM AND RECOMMENDATION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiffs' "Motion to Remand" (document #7) and "Memorandum in Support ..." (document #8), both filed July 14, 2008; and the "Defendants' Response ..." (document #11) filed July 29, 2008. On August 4, 2008, the Plaintiffs filed their "Reply ..." (document #12).

The instant Motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and is now ripe for disposition.

Having carefully considered the parties' arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the Plaintiffs' Motion to Remand be <u>granted</u>, as discussed below.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Plaintiffs, James Lomick, Esther Barnett, Robert O. Wingo, Ernest Simons, III, Tracy Hutchens, and Kelly Lowery, contend that they were wrongfully discharged on account of their race (African-American) by their former employer Defendant LNS Turbo, Inc. These alleged wrongful discharges occurred in late 2006 and 2007, sometime after Defendant Daniel MacCrindle was promoted to the position of Chief Operating Officer of LNS Turbo's Gaston County, North Carolina facility, where the Plaintiffs were then employed.

Concerning the subject Motion to Remand, on May 19, 2008, the Plaintiffs filed their Complaint in the Superior Court of Gaston County, alleging only state law claims for relief: wrongful discharge in violation of state public policy recited in N.C. Gen. Stat. § 143-422.2, wrongful discharge in violation of law of the land and/or equal protection provisions of Article 1, § 19 of the North Carolina Constitution, intentional infliction of emotional distress, "aggravated breach of contract, promissory estoppel, and/or fraud," negligent infliction of emotional distress, and negligent training. The Plaintiffs seek both compensatory and punitive damages.

On June 26, 2008, the Defendants removed the state court action to federal court, contending that federal subject matter jurisdiction is present because "Plaintiff's Complaint sets forth claims for relief under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII") and 42 U.S.C. 42 U.S.C. § 1981 ("Section 1981") and therefore constitutes an action which arises under federal law." "Notice of Removal" at 2 (document #1).

On July 14, 2008, the Plaintiffs moved to remand, contending correctly that the Complaint states no claims pursuant to Title VII, Section 1981, or any other federal statute. The Plaintiffs also point out that they did not file administrative charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") within the 180-day time period required by Title VII and

accordingly are unable to state timely claims for relief under that statute. Moreover, the Complaint's only mention of federal law occurs in the Plaintiffs' first claim for relief, entitled "wrongful discharge" and pled pursuant to N.C. Gen. Stat. § 143-422.2, which provides:

> Defendants wrongfully terminated Plaintiffs' employment without just cause and in violation of the law and established public policy of the State of North Carolina as set forth in state and <u>federal statutes</u> prohibiting discrimination on the basis of race.

Document #1 at 7 (emphasis added). In other words, the Plaintiffs have pled that North Carolina's public policy against race discrimination in employment is shaped by both state and federal law principles.

In their brief opposing the Plaintiff's Motion to Remand, the Defendants clarify that they removed this action because the Plaintiffs "asserted, or attempted to assert, claims under federal statutes." Document #11 at 1.

The Plaintiffs' Motion to Remand has been fully briefed and is, therefore, ripe for determination.

## II. **DISCUSSION**

At the outset, the undersigned notes that the Plaintiffs' Motion to Remand is timely. See 28 U.S.C. § 1447(c) (motion to remand must be filed within 30 days of filing of notice of removal and the court shall order remand if removal was improper).

28 U.S.C. § 1441(a) provides:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

The existence of subject matter jurisdiction is a threshold issue, and absent a proper basis for

3

subject matter jurisdiction, a removed case must be remanded to state court. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 96 (1998). Accord Jones v. American Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999); and Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). The parties seeking federal jurisdiction, in this case, the Defendants, have the burden of proving that subject matter jurisdiction exists. Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

It is well-established that "[t]he subject matter jurisdiction of federal courts is limited and the federal courts may exercise only that jurisdiction which Congress has prescribed." Chris v. Tenet, 221 F.3d 648, 655 (4th Cir. 2000), citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Accord Darcangelo v. Verizon Communications, Inc., 292 F.3d 181, 186 (4th Cir. 2002) ("In general, an action filed in state court may be removed to federal court only if it might have been brought in federal court originally"). There is no dispute that the citizenship of the parties is not diverse and, therefore, that the basis for federal subject matter jurisdiction, if any, must arise under what is commonly called "federal question" jurisdiction.

As the Fourth Circuit recently stated:

Title 28 U.S.C. § 1331 provides that district courts have subject matter jurisdiction of every civil action that "arises under the Constitution, laws, or treaties of the United States." This means that Congress has given the lower federal courts jurisdiction to hear only those cases in which a well-pleaded complaint establishes <u>either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law</u>.

Battle v. Seibels Bruce Ins. Co., 288 F.3d 596, 606-07 (4th Cir. 2002) (emphasis added).

Moreover, "the vast majority of cases brought under the general federal-question jurisdiction of the federal courts are those in which federal law creates the cause of action [and t]he well-pleaded complaint rule requires that federal question jurisdiction not exist unless a federal question appears

4

on the face of a plaintiff's properly pleaded complaint." Columbia Gas Transmission Corp. v. Drain, 237 F.3d 366, 369-70 (4th Cir. 2001), citing Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 808 (1986).

The Defendant has cited no authority, and the undersigned is aware of none, establishing that reference to federal anti-discrimination statutes as a basis for evaluating a state public policy claim is a sufficient basis for federal question jurisdiction. To the contrary, North Carolina courts have ably applied both federal and state precedent when considering claims arising under the state public policy prohibiting racial discrimination in the workplace, and such determinations did not amount to resolution of substantial questions of federal law sufficient to support federal subject matter jurisdiction. See, e.g., Guthrie v. Conroy, 152 N.C. App. 15, 19, 567 S.E. 2d 403, 407 (2002); and Russell v. Buchanan, 129 N.C. App. 519, 522, 500 S.E. 2d 728, 730 (1998).

Finally, although there is no Fourth Circuit authority on point, courts in other circuits have held that federal question jurisdiction does not arise when a state court plaintiff looks to federal law – even expressly – to provide a standard of care or conduct, or otherwise refers to federal authority to support his contention that a defendant violated state law. See, e.g., ARCO Envtl. Remediation, L.L.C. v. Dep't of Health and Envtl. Quality of Montana, 213 F.3d 1108, 1113 (9th Cir. 2000) ("[t]he fact that ARCO's complaint makes repeated references to CERCLA does not mean that CERCLA creates the cause of action under which ARCO sues"); Hill v. Marston, 13 F.3d 1548, 1550 (11th Cir.1994) (the "violation of a federal standard as an element of a state tort recovery does not change the state tort nature of the action"); and Kravitz v. Homeowners Warranty Corp., 542 F.Supp. 317, 319 (E.D.Pa. 1982) (holding that plaintiffs' cause of action "was rooted in" state law and that the state courts "[were] fully competent to interpret the Magnuson-Moss" warranty standards, remanding to state court).

Applying these legal principles to the Plaintiffs' Complaint, clearly there is no basis for exercising federal question jurisdiction, that is, the Plaintiffs have not pled a claim arising under Title VII, Section 1981 or any other federal statute, nor do any of their asserted rights to relief necessarily depend on the resolution of any federal law question, much less a substantial question of federal law.

In short, where the Plaintiffs clearly limited their Complaint to state law claims, and, indeed, are precluded from bringing Title VII claims because of their decision not to pursue their prerequisite administrative remedies, the fact that an alleged violation of the Plaintiffs' rights under the North Carolina public policy prohibiting discrimination might also amount to a violation of their rights under federal anti-discriminatory statutes is insufficient to support federal question jurisdiction. Accordingly, the undersigned will respectfully recommend that the Plaintiffs' Motion to Remand be <u>granted</u>.

### III. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that the Plaintiffs' "Motion to Remand"(document #7) be **GRANTED** and that this matter be **REMANDED** to Gaston County Superior Court.

### IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within ten (10) days after service of same. <u>Page v. Lee</u>, 337 F.3d 411, 416 n.3 (4th Cir. 2003); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1365 (4th Cir. 1989); <u>United States v. Rice</u>, 741 F. Supp. 101, 102 (W.D.N.C. 1990). Failure to file objections to this Memorandum with

the district court constitutes a waiver of the right to de novo review by the district court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder, 889 F.2d at 1365. Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Wells, 109 F.3d at 201; Page, 337 F.3d at 416 n.3; Thomas v. Arn, 474 U.S. 140, 147 (1985); Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum And Recommendation And Order to counsel for the parties; and to the Honorable Frank D. Whitney.

**SO RECOMMENDED AND ORDERED**.

Signed: September 18, 2008

*Carl Horn, III*

Carl Horn, III
United States Magistrate Judge