# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## DOCKET NO. 3:08-cv-00296-FDW

| | |
|---|---|
| JAMES LOMICK, ESTHER BARNETT, ROBERT O. WINGO, ERNEST SIMONS, III, TRACY HUTCHENS, and KELLY LOWERY,<br><br>    Plaintiffs,<br><br>vs.<br><br>LNS TURBO, INC., and DANIEL MACCRINDLE, individually and as Chief Operating Officer of LNS TURBO, INC.,<br><br>    Defendants. | ORDER |

THIS MATTER is before the Court on Defendants' Objections to the Magistrate's Memorandum and Recommendation, entered October 1, 2008 (Doc. No. 16), Plaintiffs' Response to Defendants' Objections (Doc. No. 17), and Defendants' Reply to Plaintiffs' Response. (Doc. No. 19.) The Magistrate's Memorandum and Recommendation ("M&R") (Doc. No. 15) recommended that the Court grant Plaintiffs' Motion to Remand (Doc. No. 7). Also before the Court is Plaintiff's Motion for Attorneys Fees (Doc. No. 13), to which Defendants submitted a Response in Opposition (Doc. No. 14). Both of these matters have been fully briefed and are ripe for review. For the reasons stated below, the Court OVERRULES Defendants' objections, ADOPTS the M&R's recommendation to GRANT Plaintiffs' Motion to Remand (Doc. No. 7) and GRANTS the Motion for Attorneys' Fees (Doc. No. 13).

**BACKGROUND**

Plaintiffs, James Lomick, Esther Barnett, Robert Wingo, Ernest Simmons, III, Tracy Hutchens, and Kelly Lowery, contend that they were wrongfully discharged on account of their race (African-American) by their former employer Defendant LNS Turbo, Inc. These alleged wrongful discharges occurred in late 2006 and 2007, sometime after Defendant Daniel MacCrindle was promoted to the position of Chief Operating Officer of LNS Turbo's Gaston County, North Carolina facility, where Plaintiffs were then employed. On May 19, 2008, Plaintiffs filed their Complaint in the Superior Court of Gaston County, North Carolina, alleging state law claims for relief for wrongful discharge in violation of state public policy recited in N.C. Gen. Stat. § 143-422.2; wrongful discharge in violation of law of the land and/or equal protection provisions of Article 1, § 19 of the North Carolina Constitution; intentional infliction of emotional distress; "aggravated breach of contract, promissory estoppel, and/or fraud;" negligent infliction of emotional distress; and, negligent training.

On June 26, 2008, Defendants removed the state court action to federal court, contending that federal subject matter jurisdiction is present because "Plaintiffs' Complaint sets forth claims for relief under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII") and 42 U.S.C. § 1981 ("Section 1981") and therefore constitutes an action which arises under federal law." (Doc. No. 1 at 2.) On July 14, 2008, Plaintiffs moved to remand, contending that the Complaint does not state a claim pursuant to Title VII, Section § 1981, or any other federal statute. (Doc. No. 8 at 2.)

**STANDARD OF REVIEW**

The appropriate standard of review of a magistrate judge's M&R depends on the dispositive or nondispositive nature of the matter. Generally, a nondispositive matter is one that does not resolve the substantive claims for relief alleged in the pleadings. See Wachovia Bank, Nat'l Ass'n v. Deutsche Bank Trust Co. Ams., 397 F. Supp. 2d 698, 701-02 (W.D.N.C. 2005) (quoting Batiste v. Catoe, 27 Fed. Appx. 158, 159 (4th Cir. 2001)). A ruling on a motion to remand is nondispositive because it does not resolve the dispute and is solely concerned with which court will hear the claims and defenses. Wachovia Bank Nat'l Ass'n, 397 F. Supp. 2d at 702. Thus, the M&R is reviewed to determine whether it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a).

**ANALYSIS**

**A. Motion to Remand**

The M&R found that Defendants offered no authority to establish that reference to federal anti-discrimination statutes as a foundation for evaluating a state public policy claim is a sufficient basis for federal question jurisdiction. Absent a proper basis for subject matter jurisdiction, a removed case must be remanded to state court. In the instant case, there is no dispute that the parties are not diverse; thus, the basis for subject matter jurisdiction, if any, must arise under a federal question. The federal courts have jurisdiction to hear "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983). The parties seeking federal jurisdiction have the burden of proving that subject matter

jurisdiction exists.

Defendants contend that removal was appropriate and subject matter jurisdiction exists because Plaintiffs actually asserted federal causes of action under Title VII and/or § 1981 notwithstanding the fact the Complaint alleged each of its claims under state (not federal) law. (Doc. No. 16 at 3.) In support of their argument, Defendants assert that Plaintiffs cannot recover compensatory damages under "any of Plaintiffs' state law claims" for Defendants' alleged pre-termination actions. (Id. at 4.) Thus, according to Defendants, Plaintiffs have asserted a federal cause of action because the relief sought "can only be awarded under federal statutes, namely Title VII and/or § 1981." (Id.)

The cases cited by Defendants in support of this assertion do not establish federal question jurisdiction. Defendants cite Beck v. City of Durham, 573 S.E.2d 183, 190 (N.C. App. 2002) and Graham v. Hardee's Food Sys. Inc., 465 S.E.2d 558, 560 (N.C. App. 1996), both of which provide that North Carolina courts have not adopted the tort of constructive wrongful discharge. These North Carolina Court of Appeals cases do not discuss or provide any support for Defendants' contention that federal question jurisdiction exists where the relief sought by a plaintiff can only be awarded under federal statutes. This Court does not have jurisdiction over Plaintiffs' claims merely because North Carolina has declined to adopt the tort of constructive discharge, nor does it have jurisdiction because Plaintiffs may be unable to recover compensatory damages for alleged pre-termination actions under state law.

Defendants also argue the Court has subject matter jurisdiction based on a federal question because Plaintiffs refer to federal authority to support their contention that Defendants violated state law. Federal question jurisdiction does not arise when a plaintiff looks to federal

law to support his contention that a defendant violated state law. See Hill v. Martson, 13 F.3d 1548, 1550 (11th Cir. 1994) (the "violation of a federal standard as an element of a state tort recovery does not change the state tort nature of the action"); Pendergraph v. Crown-Honda-Volvo LLC, 104 F. Supp. 2d 586, 589 (M.D.N.C. 1999) (providing that federal subject matter jurisdiction does not exist because a plaintiff asserts a claim that incorporates a federal statute or standard as an element of recovery under state law). Here, as the M&R provides, the Complaint unequivocally does not establish a cause of action, or a right to relief, that necessarily depends upon resolution of a substantial question of federal law. Furthermore, Plaintiffs acknowledge that they are precluded from bringing Title VII claims because they did not pursue the prerequisite administrative remedies. (Doc. No. 12 at 1-2.) As such, they have intentionally alleged only state law claims. Thus, there is no basis for exercising federal question jurisdiction, and Defendants' Objections are overruled. This matter shall be remanded.

**B. Motion for Attorneys' Fees**

Plaintiffs, by separate motion (Doc. No. 13) and in their Response to Defendants' Objections (Doc. No. 17 at 3.), petition the Court for attorneys' fees for improvident removal under 28 U.S.C. § 1447(c). Plaintiffs filed affidavits of William E. Moore in support of an award of attorneys' fees and request a total of $21,236.00 in attorneys' fees.[1] (Doc. No. 13 Ex. A; Doc. No. 18.) Plaintiffs request attorneys' fees in the amount of $13,962.50 for tasks associated with filings before the M&R

---

[1] The Court notes that Plaintiffs filed an Affidavit of William E. Moore in Support of Award of Attorneys' Fees on July 14, 2008. (Doc. No. 9.) In the affidavit, Plaintiffs' request attorneys' fees in the amount of $3,700.00 in connection with the preparation of Plaintiffs' Motion for Remand and Memorandum in Support of Remand. The same fees associated with the preparation of Plaintiffs' Motion for Remand are included in the Affidavit of William E. Moore attached to Plaintiffs' Motion for Attorneys' Fees filed on August 4, 2008. (Doc. No. 13 Ex. A.) Thus, the Court treats the July 14, 2008, affidavit as merged into the August 4, 2008, affidavit.

(Doc. No. 13 Ex. A at 6) and $7,273.50 for tasks associated with filings after the M&R (Doc. No. 18 at 2), specifically responding to Defendants' objections to the M&R. The M&R did not rule on Plaintiffs' motion for attorneys' fees.

When a case is remanded, section 1447 provides that the Court may make an award of costs and expenses, including attorneys' fees, incurred by the plaintiff as a result of the removal. 28 U.S.C. § 1447(c). An award of costs and fees under section 1447(c) should be made "only when such an award is just." Martin v. Franklin Capital Corp., 546 U.S. 132, 138 (2005). "Absent unusual circumstances, courts may award attorneys' fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Coleman v. Beazer Homes Corp., 2008 U.S. Dist. LEXIS 49861 (W.D.N.C. Apr. 23, 2008) (quoting Martin, 546 U.S. at 141). The rationale behind an award of attorneys' fees is based on "the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter." Martin, 546 U.S. at 140.

Here, Plaintiffs assert that "Defendants have tried to fabricate [an] unasserted federal cause of action for the sole purpose of removing the case to federal court and seeking a quick dismissal of state law claims" and that "counsel should be held accountable for improvident removal." (Doc. No. 17 at 6.) Defendants contend that "Plaintiffs' petition of attorneys' fees should be denied because Defendants properly and in good faith removed this case to federal court based on Plaintiffs' assertion of federal causes of action and requests for federal relief in their Complaint." (Doc. No. 14 at 1.) The Court has already ruled that Plaintiffs do not assert claims or seek relief under federal law, and Defendants have failed to provide a plausible legal basis for their arguments in favor of

removal. Thus, for the reasons previously stated, the Court is satisfied that Defendants' objections are groundless and that removal was inappropriate because a lack of federal jurisdiction was obvious. This Court is most concerned with Defendants continued pursuit of its baseless argument beyond the response to Plaintiffs' motion to remand through the submission of objections to the M&R. In their objections, Defendants appear to make the same misplaced arguments that resulted in the M&R's recommendation to remand the case. Accordingly, because Defendants lacked an objectively reasonable basis for seeking removal, the Court exercises its discretion to make an award of attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c).

Since the Court has ruled that an award of attorneys' fees is appropriate for Defendants groundless arguments, the Court must determine a reasonable award. As a result of Defendants' removal, and continued objections to remand, Plaintiffs' counsel has spent a total of 81.9 hours related to this matter while Plaintiffs continue to wait for their day in court. Plaintiffs' counsel spent 29.1 hours, at a cost of $7,273.50, reviewing and responding to Defendants' objections to the M&R. The Court finds reasonable an award of the total amount of attorneys' fees requested by Plaintiffs in their Supplemental Affidavit for tasks associated with filings after the M&R. Therefore, the Court awards Plaintiffs attorneys' fees in the amount of $7,273.50. Defendants shall tender this amount to Plaintiffs within thirty (30) calendar days from the date of this Order, and Plaintiffs shall file a notice with the Court upon receipt of $7,273.50.

## CONCLUSION

After reviewing the M&R and the applicable law, the Court is satisfied the M&R is neither clearly erroneous nor contrary to law.

IT IS THEREFORE ORDERED that Defendants' Objections are OVERRULED, the

Magistrate's Memorandum and Recommendation is ADOPTED in its entirety as explained herein, the Motion to Remand (Doc. No. 7) is GRANTED, and this case is REMANDED to Gaston County Superior Court.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Attorneys Fees (Doc. No. 13) is GRANTED, and Plaintiffs are entitled to recover reasonable attorneys' fees in the amount of $7,273.50 pursuant to 28 U.S.C. § 1447(c).

**IT IS SO ORDERED.**

Signed: November 25, 2008

Frank D. Whitney
United States District Judge